# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2007

Charles R. Fulbruge III
Clerk

No. 06-11172
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GERARDO LEYVA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-122-1

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gerardo Leyva appeals his jury convictions and sentences for conspiracy to possess with intent to distribute and distribution of cocaine and money laundering. Leyva argues that the district court did not have jurisdiction because the procedure used to enact 18 U.S.C. § 3231 was unconstitutional. Leyva's argument is without merit. See, e.g.,United States v. Hunt, 253 F.3d 227, 230 (5th Cir. 2001).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Leyva claims that the Government knowingly presented perjured testimony. The Government presented evidence that established that Navarrete and Leyva were engaged in a cocaine trafficking scheme, including wiretapped calls of telephones belonging to Leyva, Navarrete, and Hernandez; drugs, $155,905 in cash, and a money counter seized from Leyva's house; as well as the testimony of other witnesses, including Hernandez. The record of the wiretapped telephone calls showed numerous calls between Leyva and Navarrete concerning sales of cocaine. Leyva has not shown that Navarrete's statement, that he used only one cell telephone, was material, i.e., that there is a reasonable likelihood that Navarrete's statement affected the judgment of the jury. See United States v. O'Keefe, 169 F.3d 281, 292 (5th Cir. 1999).

Leyva argues that the district court erred in finding that some of Leyva's prior convictions were not related for purposes of calculating his criminal history category. We need not decide whether the district court erred in calculating Leyva's criminal history category because Leyva was subject to a mandatory sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A) based on his two prior convictions for felony drug offenses. Leyva conceded the validity of the two prior convictions for felony drug offenses at the sentencing hearing and does not challenge the imposition of the mandatory life sentence under § 841(b)(1)(A).

Leyva asserts that the district court erred in sentencing him under the advisory Sentencing Guidelines and in basing his sentence on drug quantities that were not charged in the indictment and were not found by the jury beyond a reasonable doubt. Leyva's argument is foreclosed by our decision in United States v. Scroggins, 411 F.3d 572, 576 (5th Cir. 2005). Furthermore, Leyva has not shown that the district court erred in basing his sentence on its fact findings concerning the drug quantity involved in the offense. See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005).

AFFIRMED.